Aisea Bole **KAIMACUATA,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

Nos. 04–75953, 05–70483.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Memorandum Withdrawn Feb. 23, 2007.

Filed Feb. 23, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Ila C. Deiss, USSF–

Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## ORDER

Petitioner's motion for clarification is granted.

The unpublished memorandum disposition filed December 8, 2006 is withdrawn.

A memorandum disposition filed simultaneously with this order is filed in its place.

## MEMORANDUM **

In these consolidated petitions, Aisea Bole Kaimacuata, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), as well as the BIA's order denying her motion to reopen and reconsider. We review the denial of motions to reopen and motions to reconsider for abuse of discretion, and we review questions of law, including due process ineffective assistance of counsel claims, de novo. *See Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review in No. 04–75953, and we grant in part and deny in part the petition in No. 05–70483.

The BIA correctly concluded that Kaimacuata did not suffer prejudice in the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

presentation of any of her applications as a result of her initial counsel's performance. *See Mohammed*, 400 F.3d at 793 (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate that counsel failed to perform with sufficient competence, and that she was prejudiced by counsel's performance).

■ The BIA also correctly determined that Kaimacuata did not demonstrate she was prejudiced by the performance of her counsel on appeal when it refused to reopen her applications for asylum, withholding of removal and protection under the CAT, because the record does not indicate that Kaimacuata has viable claims for these forms of relief. *See Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir.2004) (to demonstrate prejudice for an ineffective assistance of counsel claim, a petitioner must show that she has plausible grounds for relief).

■ The BIA abused its discretion when it assessed the credibility of Kaimacuata's statements regarding voluntary departure in the declaration submitted with the motion to reopen. *See Bhasin v. Gonzales*, 423 F.3d 977, 986–87 (9th Cir.2005) ("We have long held that credibility determinations on motions to reopen are inappropriate"); *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir.1991) (because motions to reopen are decided without a hearing, the BIA is generally required to accept petitioner's affidavit as true). We therefore remand to the BIA with instructions to remand to the IJ to permit Kaimacuata to establish eligibility for voluntary departure.

**In No. 04–75953, PETITION FOR REVIEW DENIED.**

In No. 05–70483, PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.